IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD CONNELL BETTS, SR., # 35834**          **PLAINTIFF**

**VERSUS**          **CIVIL ACTION NO. 2:16cv139-KS-MTP**

**SHERIFF BILLY MAGEE, CAPTAIN
LAKIESHA HALL, DOCTOR KAY
KOTIKALAPUDI, NURSE SKY JOHNSON,
and SERGEANT C-10 GRAVES**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING SHERIFF BILLY MAGEE

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Donald Connell Betts, Sr., is a pretrial detainee at the Forrest County Adult Detention Center, and he challenges the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Sheriff Billy Magee is dismissed.

### BACKGROUND

Betts alleges that he was booked into the Forrest County Adult Detention Center on August 1, 2016. Despite being diabetic, he claims his blood sugar was not taken, and he was sent to his cell. He subsequently blacked out, because his blood sugar was 525. He was taken to the hospital, where a physician prescribed diabetic medications.

According to Betts, on his return to the jail, neither Defendant Doctor Kay Kotikalapudi nor Defendant Nurse Sky Johnson would give him the medications that had been prescribed. Rather, these two:

> administer[ed] their own medications and dosages on a trial and error basis. After numerous complaints of physical complications and drastic drops in my blood sugar did [they] order the medication prescribed my by primary doctor, but now I'm suffering from diabetic nerve pain, blurred vision and chronic headaches that may be permanent.

(Compl. at 4).

Betts further claims that on August 16, 2016, he experienced a "drastic drop in . . . blood sugar," and he tried several times to alert Defendant Sergeant C-10 Graves. (Resp. at 1). Betts maintains that Graves ignored him, so he kicked the door. Graves then allegedly placed Betts in isolation for two weeks and denied him medical care.

Betts contends that he filed "many grievance and/or complaints" about the above allegations, on August 1, 18, and 24, 2016, but he was ignored. *Id.* It is not clear if he is claiming to have given the grievances to Defendant Captain Lakiesha Hall, the jail's administrator.

Betts brings this action under 42 U.S.C. § 1983, asserting claims for cruel and unusual punishment and a lack of due process and equal protection. He also lists a claim for medical malpractice. As a result of these alleged incidents, he claims to suffer from diabetic nerve pain, blurred vision, chronic headaches, permanent kidney problems, restless leg syndrome, and overactive bladder. Besides what the Defendants already discussed, he sues Defendant Sheriff Billy Magee, because he "is the overseer of the Forrest County Adult Detention Center, and he is responsible for [Plaintiff's] safety and well-being." *Id.*

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action

proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Betts to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Betts sues Sheriff Magee for denial of due process and equal protection and for cruel and unusual punishment.  He is sued merely because he is a supervisor.  "There is no vicarious or *respondeat superior* liability of supervisors under section 1983."  *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006).  The supervisor must either be personally involved in the violation or otherwise have caused the violation.  *Id.*  Betts fails to point to any personal involvement or wrongdoing attributable to Sheriff Magee.  Betts thus fails to state a claim against this Defendant, despite being given the opportunity to do so.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Sheriff Billy Magee should be, and is hereby, **DISMISSED WITH PREJUDICE** for failure to state a claim against him upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 26th day of October, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE